HAULENBECK and others *vs.* CRONKRIGHT and others.

1. Where a partition is made upon wrong principles, or in disregard of the rights of the parties, or where there is a great and evident inequality in the division, the return of the commissioners will be quashed.

2. Equal partition among all the owners, of each parcel, is not required. And a partition so made, without necessity, and practically destructive of the value of the parcel divided, will be set aside.

On motion to suppress return of commissioners in partition, and proofs taken in opposition to the return, and in support thereof.

*Mr. C. H. Voorhis,* for the motion.

*Mr. B. Williamson,* contra.

THE CHANCELLOR.

A careful examination of the return of the commissioners, and of the testimony taken to be used on this motion, satisfies me that there is no just cause of complaint in regard to the partition in this case, except as to the division of the triangular piece of land. That lot is of the dimensions of one hundred and eighty feet on the base line, on Bergen turnpike, the other lines being, respectively, one hundred and eighty-six feet and two hundred and twenty-seven feet and five inches. It is valued at about $1500 an acre. The commissioners divided it into six equal triangular parts, each having a front of thirty feet on the turnpike, and extending to the apex of the plot divided. One of the owners, among whom the partition is to be made, is an infant, entitled to an equal sixth part of the premises to be partitioned. Such a partition of this lot is practically destructive of the infant's interest therein. The property is in a rural neighborhood, and though land there commands a price far beyond its value for agricultural

purposes, it is in no such demand as to justify the division of so small a tract of such a shape into six equal parts. The adult owners, by joining their lots, may, perhaps, protect themselves to a certain extent, against the consequences of such a partition. But not so the infant, in whose behalf this motion is made. The commissioners seem to have acted upon the supposition that they were required to make equal partition among all the owners, of each parcel. I find no reason to question the propriety of their action in respect to any other part of the property. But as to this, their partition is destructive of the value of the thing divided. Nor was there any necessity for such a partition of this lot. In dividing the whole property this plot might have been assigned to one person. Where a partition is made upon wrong principles, or in disregard of the rights of the parties, or where there is a great and evident inequality in the division, the court will quash the return of the commissioners. *In the matter of Thompson's estate*, 2 *Green's Ch.* 637 ; *Hay* v. *Estill*, 4 *C. E. Green* 134.

In this case, in the particular under consideration, the commissioners have disregarded the rights of the parties, and have proceeded on a wrong principle. The return, therefore, will be quashed, and a new commission will be issued to other commissioners.